CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL A. RUTHERFORD, ) | |
|    Plaintiff, ) | Civil Action No. 7:24-cv-00374 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DR. GREG HAYNES, *et al.*, ) | Chief United States District Judge |
|    Defendants. ) | |

**MEMORANDUM OPINION**

The plaintiff, Michael A. Rutherford, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Rutherford was a Virginia inmate proceeding *pro se* at the time this action was filed. Defendants move to dismiss the amended complaint.  (Dkt. Nos. 7, 13.)  Plaintiff did not respond to the motion, which motion will be granted.

Rutherford's allegations arise from his stay at the Southwest Virginia Regional Jail in Abingdon.  Rutherford alleges that he was denied medical assisted drug treatment and placed "in a potentially deadly environment and put me in risk."  (Am. Compl. 2.)  He wants to continue his treatment, Rutherford states he was "actively on meds and treatment with suboxone."  (*Id.* at 3.) Rutherford has sued Greg Haynes, MD, and Heather Greear, FNP-BC.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  When reviewing a Rule 12(b)(6)

motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Liberally construed, plaintiff's amended complaint attempts to state a claim for deliberate indifference to serious medical needs. An Eighth Amendment claim for deliberate indifference to serious medical needs includes both an objective and subjective element. *Mays v. Sprinkle*, 992 F.3d 925, 300 (4th Cir. 2021) (citing *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)). The objective element requires a "serious" medical condition either "diagnosed by a physician as mandating treatment" or otherwise "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). As to the subjective element, "the prison official must have acted with a 'sufficiently culpable state of mind.'" *Mays*, 992 F.3d at 300 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The required state of mind is that of "deliberate indifference . . . 'to inmate health or safety.'" *Scinto*, 841 F.3d at 225 (quoting *Farmer*, 511 U.S. at 834).

Rutherford's amended complaint does not satisfy either element. Aside from stating that he was on medication, and wants to continue medication, plaintiff does not describe his medical condition such that the court could plausibly conclude that it was objectively serious. Moreover, Rutherford's amended complaint does not contain any allegations to suggest that either defendant "actually knew of and ignored a detainee's serious need for medical care." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004). In fact, the complaint does not include any allegations to suggest the personal involvement of either defendant in the alleged violation of Rutherford's constitutional rights. Liability under 42 U.S.C. § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.

2001).  A claim under § 1983 requires factual details about each defendant's personal involvement in the violation of the plaintiff's rights.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Iqbal*, 556 U.S. at 676 (noting that liability under § 1983 "requires personal involvement").

For these reasons, Rutherford's amended complaint does not plausibly allege any violation of his constitutional rights.[1]  The court will grant the motion to dismiss in an appropriate order.

Entered: September 8, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[1] It is not entirely clear if Rutherford was a convicted inmate or a pretrial detainee during his time at SWVRJ-Abingdon, but the outcome of this motion would be the same under either scenario.  *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (describing elements of deliberate indifference claim by pretrial detainee governed by Due Process Clause of the Fourteenth Amendment).